IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| TYLER BAKER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPRO SOLAR, LLC,<br>A Louisiana Limited Liability Company<br>Defendant. | CASE NO.<br><br>5:20-cv-215<br><br>**CLASS ACTION COMPLAINT** |

Now comes Tyler Baker, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

### INTRODUCTION

1.  This is a class action brought by Tyler Baker, individually and as a putative representative, against SunPro Solar, LLC ("SunPro" or "Defendant"). Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") by using prerecorded or artificial voices to place unsolicited calls to consumers nationwide without the telephone owners' consent and has placed calls to persons whose telephone numbers are registered on the Do Not Call registry. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by his attorneys.

### PARTIES

2.  Plaintiff Tyler Baker (hereinafter, "Plaintiff") is a resident of the State of Vermont, County of Chittenden, and City of Underhill.

3.      Defendant SunPro Solar, LLC, is a Limited Liability Company with its principal place of business located at 22171 MCH Road, Mandeville, Louisiana.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5.      Because a substantial portion of the events giving rise to the present claim occurred in this District, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

6.      The TCPA exists to prevent communications like those described within this complaint. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

7.      Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance…" *Id.* at §§12-13.

8.      "When Congress enacted the TCPA, it did so in part to protect consumers from the 'nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate." *Meredith v. United Collection Bureau, Inc.*, 2018 WL 1782854, at *3 (N.D. Ohio 2018) (quoting *Caudill v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 3820195 (E.D. Ky. 2016)).

9. Congress also sought, in part, to address consumer complaints that automated messages filled the entire tape of an answering machine, preventing other callers from leaving messages. *Meredith v. United Collection Bureau, Inc.*, 2018 WL 1782854, at *3 (N.D. Ohio 2018).

2

10. To address these harms, the TCPA makes it illegal to send autodialed, artificial, or prerecorded messages without prior express consent. 47 U.S.C. §227 et seq.

11. The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") to call any telephone number assigned to a cellular telephone service, absent an emergency purpose or absent Defendant obtaining the prior express consent of the called party.

12. SunPro may not make unsolicited *telemarketing* calls to cell phone numbers without the user's prior express *written* consent. 47 C.F.R. § 64.1200(a)(2).

13. The FCC has defined telemarketing as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. The FCC has stated that telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services. 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); 18 FCC Rcd. 14014,14098 ¶141 (FCC 2003).

15. The TCPA established the National Do-Not-Call List ("DNC") and prohibits a company from calling individuals who have registered their residential telephone number on the DNC list. 47 C.F.R. § 64.1200(c) more than once during a 12 month period. Any company, or someone on the company's behalf, that calls a person with a number registered to the DNC has TCPA liability.

16. SunPro sells solar panels.

17. SunPro markets solar panels by making automated promotional calls, in violation of the TCPA, to the telephones of Plaintiff and the other members of the putative Class.

18. Defendant's automated promotional calls include the use of an artificial or pre-recorded voice.

19. Upon information or belief, those calls did and do not require human intervention to dial the phone number or communicate the message.

20. Plaintiff and the putative Class members did not consent to receive SunPro's calls.

21. SunPro's calls present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

22. SunPro's calls invaded Plaintiff's privacy, and that of the class members.

23. When Plaintiff and members of the putative class received a call from Defendant, they are alerted to call by a ring, vibration, or other indication on their telephone.

24. If Defendant's promotional telephone call goes unanswered, Defendant leaves a promotional message with a pre-recorded or artificial voice.

25. Cell phone plans have limited voicemail capacity. This means that each unwanted pre-recorded voice message from SunPro consumes voicemail capacity, creating the risk that these voicemails will exclude messages from or prevent delivery of messages to a consumer's voicemail box that the consumer wants and needs.

26. Plaintiff and the putative class members' paid for the voicemail capacity consumed by SunPro's pre-recorded voice messages through their cell phone plans.

27. SunPro subjected Plaintiff and the putative class members to the aggravation, nuisance, and loss of time involved with receiving SunPro's calls.

28. SunPro, through its calls, has violated Plaintiff's and putative class members' statutory and privacy rights.

29. SunPro's illegal conduct is ongoing.

30. Plaintiff seeks an injunction requiring Defendant to cease making all improper calls, and an award of statutory damages to himself and class members for all calls that violated their statutory rights, as well as costs and reasonable attorneys' fees.

## THE CALLS TO PLAINTIFF TYLER BAKER

31. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

32. Beginning on or around May 14, 2020, Baker began receiving calls from the telephone numbers 866-450-1012 and 802-659-4170, which are associated with SunPro.

33. At the time of filing of this complaint, Baker has received more than 20 calls from SunPro, sometimes receiving multiple calls in a single day.

34. SunPro called Baker's cell phone number, which ends in 2723.

35. Baker is the customary, regular, everyday user of the cell phone with the phone number ending in 2723, and receives phone calls at that number.

36. Plaintiff has used the cell phone number ending in 2723 since at least 2004.

37. In 2004, Baker registered the cell phone number ending in 2723 with the Federal Trade Commission's Do-Not-Call registry.

38. Baker received calls with prerecorded voice messages, as evidenced by voicemails that were left by SunPro, on the following dates:

    a. May 14, 2020;

    b. May 20, 2020;

    c. July 24, 2020;

    d. July 25, 2020;

    e. July 26, 2020;

  f. July 28, 2020; and

  g. August 31, 2020.

39. Defendant and/or third parties acting on the Defendant's behalf placed all the calls described above using an artificial or prerecorded voice.

40. These recordings identically state that:

  a. "Hi, this is Sunpro Solar responding to your request for information about going solar. We offer a free in-home consultation with one of our solar energy specialists. They will personally meet with you to customize a system that maximizes your savings. Now is the best time to go solar, while you can still take advantage of the 26% federal tax credit, which means more money in your pocket! To schedule your free consultation, call us at 866-450-1012. Again, that is 866-450-1012. Or you can send an email to sales@gosunpro.com. That is s-a-l-e-s at g-o-s-u-n-p-r-o.com. We look forward to speaking with you soon about how much money you will save by going" [message cuts off].

41. On July 24, 2020, Baker called Defendant using the phone assigned the number 802-659-4170 and told Defendant to stop calling his cell phone.

42. Despite Plaintiff's express instruction to SunPro to stop calling Plaintiff's cell phone, Defendant called Plaintiff's cell phone and left voicemail messages with an artificial or prerecorded voice on the following dates:

  a. July 25, 2020;

  b. July 26, 2020;

  c. July 28, 2020; and

  d. August 31, 2020.

43. The calls went to Baker's voicemail, which recorded and stored a pre-recorded voice message from SunPro.

44. After receiving each of the pre-recorded voice messages on his voicemail, Plaintiff opened, played, and listened to these pre-recorded voice messages left by Defendant.

6

45. Plaintiff has never consented, in any form, to receive calls from Defendant. Plaintiff does not have a relationship with Defendant, has never provided a telephone number to Defendant, has never requested that the Defendant call him, and has never sought products or services from Defendant.

## CLASS ALLEGATIONS

46. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

47. Defendant and its agents have made, and continue to make, unsolicited calls to cell phone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system and prerecorded or artificial voice messages.

48. SunPro made these calls without obtaining prior express consent from Plaintiff or the class members.

49. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members"):

    a. **Artificial & Prerecorded Voice Class:** All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or pre-recorded voice, from December 18, 2016 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to receive such a call.

    b. **DNC Class**: All persons within the United States who, 30 days or more after registering their residential telephone number on the National Do-Not-Call List, received more than one telephone call in a 12-month period made by or on behalf of Defendant, from December 18, 2016 to the date that class notice is disseminated.

50. Each of the proposed classes numbers over forty (40) persons and are so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

51. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

    a. Whether the subject calls used prerecorded or artificial voices;

    b. Whether the subject calls are covered by the TCPA;

    c. Whether the subject calls violate the TCPA; and

    d. Whether the class members are entitled to relief under the TCPA.

52. Defendant has engaged in the same conduct regarding the other members of the class asserted in this suit.

53. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

54. Representative Plaintiff will fully and adequately protect and represent the entire class, and all its putative members.

55. The identity of all members of this class cannot be determined at this time, but will be determined upon obtaining discovery from Defendant and others.

56. The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications with regard to individual class members that would establish incompatible standards of conduct for Defendant.

57. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual class members which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## **FIRST CLAIM FOR RELIEF**
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

58. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

59. Plaintiff did not expressly consent to receive calls from Defendant.

60. Defendant used an artificial or pre-recorded voice to call Plaintiff's cell phone.

61. After receiving the call from Defendant, Plaintiff listened to the pre-recorded voice that was recorded by his voicemail.

62. SunPro violated 47 U.S.C. 227(b)(1)(A)(iii) with its call to Plaintiff's cell phone.

63. Defendant has acted in the same way toward all class members by placing unsolicited telephone calls to their cell phones or their residential land lines.

64. Defendant's conduct caused Plaintiff and the class members the exact harm Congress sought to prevent in enacting the TCPA.

65. Plaintiff and the class members were harmed and incurred damages as identified above.

66. As a result of these calls, Plaintiff and the class are entitled to relief, recovery, and damages under the TCPA for damages of actual monetary loss, or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

9

## SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violation of the
### Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.)

67.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

68.     Upon information and belief, Defendant placed the unlawful calls to Plaintiff and the class members in knowing violation of the TCPA, thereby willfully violating federal law.

69.     Defendant has acted in the same way toward all members of the class.

70.     As a result of these calls, Plaintiff and the class are entitled to relief, recovery, and treble damages for a willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

## THIRD CLAIM FOR RELIEF
### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., on behalf of the Plaintiff and the Do Not Call Registry Class)

71.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

72.     47 C.F.R. §64.1200(c) – a regulation that implements the TCPA – states that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73.     Under 47 C.F.R. §64.1200(e), subsection (c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers[.]"

74.     SunPro violated 47 C.F.R. §64.1200(c) by initiating telephone calls to Plaintiff and the DNC class members after those individuals registered their telephone numbers with the DNC.

75. 47 U.S.C. 227(c)(5), provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private cause of action for a violation of the regulations that were promulgated to protect consumers pursuant to the TCPA.

76. SunPro violated 47 U.S.C. §227(c)(5) because Plaintiff and the DNC Class received more than one telephone call in a 12-month period made by or on behalf of SunPro in violation of 47 C.F.R. §64.1200(c).

77. As a result of these calls, Plaintiff and the DNC Class are entitled to relief, recovery, and damages for a violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Federal Rule 23 and certifying this case as such;

2. For a permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss, or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs necessarily incurred herein;

6. For an award of attorney fees from the common fund awarded to each class; and

7. For such other or further relief to which Plaintiff and the class(es) are entitled.

December 18, 2020                         Respectfully submitted,

                                          /s/ Matthew S. Borick

                                          Matthew S. Borick, Esq.
                                          **DOWNS RACHLIN MARTIN PLLC**
                                          Courthouse Plaza
                                          199 Main Street, PO Box 190
                                          Burlington, VT 05402-0190
                                          (802) 863-2375     (802)862-7512 Fax
                                          Email: *mborick@drm.com*

                                          Patrick J. Perotti, Esq. (*pro hac vice forthcoming*)
                                          Frank A. Bartela, Esq. (*pro hac vice forthcoming*)
                                          **DWORKEN & BERNSTEIN CO., L.P.A.**
                                          60 South Park Place
                                          Painesville, Ohio 44077
                                          (440) 352-3391     (440) 352-3469 Fax
                                          Email: *pperotti@dworkenlaw.com*
                                                 *fbartela@dworkenlaw.com*

                                          Richard Bennett, Esq. (*pro hac vice forthcoming*)
                                          **BENNETT & BENNETT**
                                          1200 Anastasia Ave., Office 360
                                          Coral Gables, FL 33134
                                          (305) 444-5925     (206) 333-0792 Fax
                                          Email: *richardbennett27@gmail.com*

20379078.1

12